IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-67-BO-KS

| | | |
|---|---|---|
| JAMES EDWARD ISAAC, ALVIN WILLIAMS, and SHAWN REX CLARK,<br><br>Plaintiffs,<br><br>v.<br><br>THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION and DANIEL H. JOHNSON,<br><br>Defendants. | ) | ORDER |

This matter is before the Court on defendants' motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). [DE 14]. Plaintiffs have responded [DE 17] and the time for filing a reply has expired. In this posture, the motion is ripe for disposition. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiffs, who proceed in this action *pro se*, seek damages arising from employment discrimination that took place in 2002. Though their handwritten amended complaint is difficult to decipher, plaintiffs appear to allege as follows:

> The claim sought is $6,000,000 to satisfy reasonable incurred damages of the employment discrimination that took place in the employee workplace, which also became a home environment issue in which some have experienced lifetime health issues, which no one can truly assess. Continued workplace harassment while attempting to perform their assigned jobs with the presence of fear and intimidation, such acts of workplace hostility is denied by state and federal law.

[DE 10] § III. Plaintiffs' claims appear to arise from a civil action filed in 2002 alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the North Carolina

Constitution ("2002 action"). The 2002 action was filed in Wake County Superior Court and removed to this Court on the basis of its federal question jurisdiction. *See Isaac v. N. Carolina Dep't of Transp.*, No. 5:03-cv-137-BR (Feb. 20, 2003). In 2006, the United States Court of Appeals for the Fourth Circuit entered a per curiam opinion outlining the facts of the 2002 action as follows:

> Seven African–American employees of the North Carolina Department of Transportation ("NCDOT") sued their employer alleging causes of action under Title VII, 42 U.S.C.A. § 1981 (West 2003), and the North Carolina Constitution after a co-worker displayed a noose in their workplace during Black History Month. NCDOT removed the case to federal court and moved for summary judgment. The district court dismissed the § 1981 cause of action and granted summary judgment to NCDOT on the state constitutional claims and the Title VII retaliation claims. The court denied summary judgment on the hostile work environment claims, however. After trial on those claims, a jury found that the co-worker's behavior constituted a hostile work environment, but that NCDOT was not liable for the co-worker's acts. The employees appeal, contending that the district court should have remanded their state constitutional claims to state court, and that the court gave erroneous jury instructions regarding the employer's liability for the hostile work environment. We affirm.

*Isaac v. N. Carolina Dep't of Transp.*, 192 F. App'x 197, 198 (4th Cir. 2006). Two of the three plaintiffs who filed the instant complaint were plaintiffs in the 2002 action. The 2002 action was filed only against the North Carolina Department of Transportation (NCDOT), but in the instant complaint both the NCDOT and its current secretary have been named as defendants.

## DISCUSSION

Defendants have moved to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a

facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647. Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to '"discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

As defendants have argued, the doctrine of res judicata bars plaintiffs' claims. "Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981)).[1] "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55. A defendant may raise the res judicata defense in a Rule 12(b)(6) motion, and "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]" *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

First, there was a final judgment in the 2002 action. *See Isaac*, 192 F. App'x 197; No. 5:03-cv-137-BR (E.D.N.C.). Two of the three plaintiffs in this case, James Isaac and Alvin Williams, are the same plaintiffs who brought claims against NCDOT in the 2002 action. Although the Court cannot discern the relationship of plaintiff Shawn Rex Clark to the 2002 action based on the allegations in the complaint, he appears to allege the same claims as plaintiffs Isaac and Williams.

[1] The Court applies federal preclusion law because the 2002 action was decided by this court exercising its federal question jurisdiction. *See Foye v. Lassiter*, No. 7:24-CV-709-FL, 2025 U.S. Dist. LEXIS 1274, at *6 (E.D.N.C. Jan. 3, 2025).

Secretary Johnson appears to be in privity with any claims against NCDOT by virtue of his role as the current Secretary of the NCDOT. Finally, the causes of action appear to be identical.

> The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (cleaned up, citations omitted). While the complaint is difficult to discern, plaintiffs appear to be asserting claims arising from workplace discrimination which also formed the basis of the 2002 action, specifically a former NCDOT coworker who hung a noose in the workplace. *See* [DE 1] § II(B)(3).

To the extent plaintiffs' claims are not barred by res judicata, they are time-barred or otherwise fail to state a claim. Plaintiffs cite to the Fourteenth Amendment in their complaint and thus would be asserting a claim pursuant to 42 U.S.C. § 1983. In North Carolina, the statute of limitations for a claim under § 1983 is three years. *See Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 886 (4th Cir. 2023). Plaintiffs have alleged no facts in their complaint which would support that their claim, which appears based on conduct which occurred more than twenty years ago, is not time-barred. Plaintiffs further cite to the federal hate crimes law, presumably 18 U.S.C. § 249, but this statute provides only for criminal, not civil, penalties. *See Wragge v. City of Wilmington*, No. 7:25-CV-1392-M, 2025 WL 4749888, at *2 (E.D.N.C. Oct. 7, 2025), report and recommendation adopted, No. 7:25-CV-01392-M-RJ, 2026 WL 1500415 (E.D.N.C. May 28, 2026); *see also Est. of Brown v. Gonzales*, No. 2:07-CV-7-F, 2007 WL 9718308, at *2 (E.D.N.C. Apr. 20, 2007) ("the court is unaware of any federal 'hate crime' act that creates a private cause of action.").

In their response in opposition to the motion to dismiss, plaintiffs do not directly address defendants' arguments. Rather, plaintiffs seem to clarify that they have filed this complaint as a putative class action, arguing that the first trial was tainted by perjury, that the jury was biased, that this Court and the court of appeals exhibited bias, and that a new trial should be granted. Plaintiffs have presented no grounds which would support reopening the long-closed 2002 action.

Accordingly, plaintiffs have simply failed to plausibly allege a claim upon which relief can be granted.[2] Their complaint is properly dismissed.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 14] is GRANTED. Plaintiffs' claims are dismissed pursuant to Rule 12(b)(6). The clerk is DIRECTED to enter judgment in defendants' favor and close the case.

SO ORDERED, this 28 day of September 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

[2] Because the Court so finds, it declines to consider defendant's remaining arguments.